**Supreme Court**
No. 2024-313-Appeal.

Fatima Touijer           :

v.                :

Providence Housing Authority et al.     :

**O R D E R**

The plaintiff, Fatima Touijer, appeals from an October 17, 2024 Superior Court order granting "without prejudice" a motion to dismiss filed by the defendants, Providence Housing Authority and Aida Bello,[1] pursuant to Rule 12(b)(1) of the Superior Court Rules of Civil Procedure.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written submissions and after carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.

---

[1] The complaint identifies Ms. Bello as a manager within the Providence Housing Authority. We note that the record contains variations in the spelling of Ms. Bello's last name. For the sake of consistency, we have opted to utilize the spelling "Bello," which is how her name is spelled in the complaint. No disrespect is intended.

On June 3, 2024, plaintiff filed a complaint against defendants in the Superior Court, requesting $200,000 in damages. The complaint alleged that defendants' failure to address the actions and aggressions of neighborhood children allegedly directed towards her family were, in her view, "racism against our religion." The complaint further alleged that defendants had failed to provide adequate accommodations to resolve plaintiff's complaints regarding excessively loud music that was allegedly emanating from a neighboring apartment. Additionally, plaintiff alleged that defendants' issuance of a notice of noncompliance with regard to plaintiff's lease agreement was made in retaliation for her complaints about the noise issue. The complaint also stated that plaintiff was "trying to get help from the commission for human rights, and the center for justice. But without any success."[2] She added that the Superior Court was the "only place * * * left" from which she could seek recourse.

On June 18, 2024, defendants filed a motion to dismiss, contending that the complaint should be dismissed pursuant to Rule 12(b)(1) of the Superior Court Rules of Civil Procedure. Citing G.L. 1956 § 34-18-9 and G.L. 1956 § 8-8-3(a)(2), they argued that the complaint related to a landlord-tenant relationship and that the

---

[2] Neither the Rhode Island Commission for Human Rights nor the Rhode Island Center for Justice is named as a defendant in the complaint. They appear to have been named by plaintiff simply to indicate that they are entities from which she had unsuccessfully sought recourse before deciding to file a complaint in the Superior Court.

District Court has exclusive jurisdiction over all actions between landlords and tenants.

On September 18, 2024, a hearing was held in the Superior Court on the motion to dismiss. Citing Rule 12(b)(1), the hearing justice granted the motion, stating that the landlord-tenant relationship was central to the allegations in the complaint and that, accordingly, the District Court had exclusive jurisdiction over the action. On September 24, 2024, plaintiff, who was not represented by counsel in the Superior Court and who is also self-represented in this Court, filed a valid notice of appeal.[3]

We have stated that "subject matter jurisdiction is an indispensable ingredient of any judicial proceeding." *Marzett v. Letendre*, 246 A.3d 388, 389-90 (R.I. 2021) (internal quotation marks and deletion omitted). When tasked with reviewing a "ruling on the issue of subject matter jurisdiction, this Court conducts a *de novo* review." *Id.*; *see Long v. Dell, Inc.*, 984 A.2d 1074, 1078 (R.I. 2009).

After reviewing the record and considering §§ 8-8-3(a)(2) and 34-18-9, we are of the opinion that the hearing justice properly dismissed the case for lack of subject matter jurisdiction. We have stated that "a cause of action between a landlord

---

[3]   Shortly after the hearing justice's bench decision but before the entry of the corresponding order on October 17, 2024, plaintiff filed an assortment of documents in the Superior Court. However, in view of our ruling concerning the subject matter jurisdiction issue, we need not address those filings.

and a tenant which arises pursuant to one or more provisions of the Residential Landlord and Tenant Act, chapter 18 of title 34 (the Act), must first be commenced in the District Court (or in the appropriate housing court)." *Marzett*, 246 A.3d at 390. The plaintiff's complaint essentially relates to alleged actions and inactions stemming from the parties' landlord-tenant relationship. It is undisputed that the Providence Housing Authority is the plaintiff's landlord and that the alleged acts or omissions by the Providence Housing Authority arose in the context of that relationship. Accordingly, it is our view that the hearing justice did not err in granting the Rule 12(b)(1) motion to dismiss.

For these reasons, we affirm the order of the Superior Court. The record may be returned to that tribunal.

Entered as an Order of this Court this   12th   day of February 2026.

By Order,

/s/  Meredith A. Benoit
_____
Clerk

- 4 -